**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Steven Burgess, | No. CV-21-01164-PHX-DJH |
| Petitioner, | **ORDER** |
| v. | |
| David Shinn, et al., | |
| Respondents. | |

Before the Court are two Motions to Strike filed by Respondents (Docs. 14 & 18) and Petitioner's "Motion to Sanction the State for Abusing these Proceedings by Making Frivolous Motions" (Doc. 19).[1]

**I.     Background**

Petitioner filed his Petition for Writ of Habeas Corpus on July 6, 2021 (Doc. 1). On February 15, 2022, Magistrate Judge Boyle issued an R&R recommending the Petition be denied and dismissed with prejudice, and that a certificate of appealability be denied (Doc. 8). Magistrate Judge Boyle informed the parties they had 14 days from which to file written objections with the Court, and thereafter, 14 days to file a response to the objections. (*Id.* at 7). The R&R did not authorize the parties to file replies.

Petitioner timely filed his Objections to the R&R on February 25, 2022 (Doc. 9). Respondents, after seeking a short extension, filed a Response to Petitioner's Objections

---

[1] Also pending before the Court is Magistrate Judge John Z. Boyle Report and Recommendation ("R&R") (Doc. 8) and Petitioner's Objections thereto (Doc. 9), an Order on which the Court will issue separately.

on March 14, 2022 (Doc. 12). On March 25, 2022, without seeking leave from the Court, Petitioner filed a Reply to Respondents' Response (Doc. 13). Respondents moved to strike the Reply as unauthorized under the Federal Rules of Civil Procedure or this Court's Local Rules (Doc. 14 at 1–2). In his response to Respondents' Motion to Strike, Petitioner argues his Reply is authorized under Rule 5(e) of the Rules Governing Section 2254 and 2255 cases, and that his reply should be allowed because he bears the burden of proving his case. (Doc. 15). Respondents filed a reply disagreeing with Petitioner's position (Doc. 16), and Petitioner then filed a sur-reply (Doc. 17). Respondents moved to strike Petitioner's Sur-Reply as unauthorized under the Rules (Doc. 18). In response to the latest Motion to Strike (Doc. 18), Petitioner asks the Court impose sanctions on Respondents for making motions "that have no basis in fact or law." (Doc. 19).

## II.     Discussion

Rule 81(a)(4) states that so long as the practice has previously conformed to the practice in civil actions, the Federal Rules of Civil Procedure control proceedings for writs of habeas corpus, unless otherwise specified in a federal statute or by the Rules Governing Section 2254 and 2255 Cases. Fed. R. Civ. P. 81(a)(4). Rule 72(b)(2) of the Federal Rules of Civil Procedure expressly authorizes parties to file objections to a magistrate judge's report and recommendation, as well as responses thereto, but does not authorize the filing of a reply brief. Fed. R. Civ. P. 72(b)(2). Consistent with Rule 72, the R&R did not authorize the parties to file replies in support of their objections. (Doc. 8 at 7).

In addition, neither the Federal Rules of Civil Procedure nor the District's Local Rules entitle a party to a sur-reply as a matter of right. *See* LRCiv 7.2. Indeed, "sur-replies are highly disfavored and permitted only in extraordinary circumstances." *Finley v. Maricopa Cty. Sheriff's Office*, 2016 WL 777700, *1 n.1 (D. Ariz. Feb. 29, 2016). The Court may use its discretion in allowing a sur-reply "where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief." *Fitzhugh v. Miller*, 2020 WL 1640495, *9 (D. Ariz. Apr. 2, 2020) (citing *Hill v. England*, 2005 WL 3031136, *1 (E.D. Cal. Nov. 8, 2005)).

The Rules do not authorize Petitioner's Reply in support of his Objection (Doc. 13), or the Sur-Reply he filed following Respondents' Reply in support of its second Motion to Strike (Doc. 18). Petitioner argues that he filed his Reply in support of his Objections pursuant to Rule 5(e) of the Rules Governing Section 2254 Cases. But Rule 5(e) does not apply to briefing on objections to a R&R. That section expressly governs the authorized briefing allowed on a petition for habeas corpus, not an objection to a R&R. *See* Rule 5(a)–(e) (authorizing an "answer to the petition" and permitting "a reply to the respondent's answer or other pleading within a time fixed by the judge"). The briefing that is allowed on a party's objections is expressly addressed in Federal Rule of Civil Procedure 72(b)(2). *See* Rule 81(a)(4) (explaining the applicability of the Federal Rules of Civil Procedure in habeas cases in the absence of a specific rule in the Rules Governing Section 2254 Cases).

Moreover, Petitioner did not seek leave from the Court to file these replies or argue that extraordinary circumstances exist for their filing, and the Court finds that none here exist. Petitioner has had a full opportunity to argue his positions in his briefing on his Petition, and to identify any perceived errors in the R&R by filing his Objections. Any part of the magistrate judge's disposition that has been properly objected to will be reviewed by this Court *de novo*. Fed. R. Civ. P. 72(b)(3).

According, the Court will grant Respondents' Motions to Strike. Finding a good faith basis in law exists for Respondents' Motions to Strike, the Court will in turn deny Petitioner's Motion for Sanctions.

**IT IS ORDERED** that the Motions to Strike (Docs. 14 & 18) are **granted.** The Clerk of Court is kindly directed to strike the Petitioner's "Reply to States Response Pursuant to USCS Sec. 2254 Cases Rule 5(e)" (Doc. 13) and Petitioner's "Reply to States Reply Objection to the States Abuse of These Proceedings" (Doc. 17).

///

///

///

**IT IS FURTHER ORDERED** that Petitioner's "Motion to Sanction the State for Abusing These Proceedings by Making Frivolous Motion that Have no Basis in Fact or Law" (Doc. 19) is **denied.**

Dated this 28th day of June, 2022.

_____
Honorable Diane J. Humetewa
United States District Judge