**WO**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

Steven Burgess,

          Petitioner,

v.

David Shinn, et al.,

          Respondents.

No. CV-21-01164-PHX-DJH

**ORDER**

This matter is before the Court on *pro se* Petitioner Steven Burgess's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 ("Petition") (Doc. 1) and the Report and Recommendation ("R&R") (Doc. 8) issued by Magistrate Judge John Z. Boyle on February 14, 2022. In his Petition, Petitioner alleged that his Fifth, Sixth, and Fourteenth Amendment rights were violated when the court used "improper aggravating factors" when sentencing him for his probation violation. (Doc 1).

Following a thorough analysis, Judge Boyle recommends that the petition be denied and dismissed with prejudice, because the claim raised in it is non-cognizable in part and procedurally defaulted in part. (Doc. 8). Petitioner timely filed an Objection to Magistrate's Report and Recommendation ("Objection"), (Doc. 9), to which the Attorney General filed a Response (Doc. 12).

**I.     Background and R&R**

Petitioner pled guilty to two counts of attempted child molestation in Pinal County in 2001 and was released from prison in 2013. (Doc. 6-1 at 9). After violating the terms

of his probation in 2017, Petitioner was sentenced to 15 years of incarceration.  (*Id.*)

The R&R provides a comprehensive and accurate summary of this case's procedural and factual background.  (Doc. 8 at 1–2).  The Court finds that these facts are supported by the record and Petitioner has not objected to any information in the background section. The Court thus incorporates the same information here.  *See Thomas v. Arn*, 474 U.S. 140, 149 (1989) (holding that the relevant provision of the Federal Magistrates Act, 28 U.S.C. § 636(b)(1)(C), "does not on its face require any review at all . . . of any issue that is not the subject of an objection"); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

To provide context, the Court will give a brief description of the procedural history. In June 2018, Petitioner filed a Petition for Post-Conviction Relief ("PCR"), in which he argued that he made an involuntary guilty plea and that the sentence imposed was excessive.  (Doc. 6-1 at 46–47).  The PCR court vacated Petitioner's admission to the violation of his probation and ordered a violation hearing.  (*Id.* at 62).  At the violation hearing, the Pinal County Superior Court revoked Petitioner's probation and sentenced him to 15 years of incarceration.  (*Id.* at 67).  In October 2019, Petitioner appealed to the Court of Appeals, arguing that the sentencing court failed to properly balance the aggravating and mitigating factors when it imposed a maximum sentence.  (*Id.* at 88).  In June 2020, the Arizona Court of Appeals affirmed the sentence imposed.  (*Id.* at 112).  In November 2020, Petitioner filed another Petition for PCR, requesting eligibility for release after serving 85 percent of his sentence.  (*Id.* at 127).  In January 2021, this Petition was granted, clarifying that Petitioner was serving 85 percent of his sentence rather than a flat-time sentence.  (*Id.* at 146).  In July 2021, Petitioner filed a federal Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254.  (Doc. 1).

In his federal Petition, Petitioner raises one ground for habeas relief, asserting that the trial court used improper aggravating factors when sentencing him for the probation violation, violating his Fifth, Sixth, and Fourteenth Amendment rights.  (*Id.*)

In his R&R, Judge Boyle identifies Petitioner's claim for habeas relief and finds that the grounds on which it is made are non-cognizable in part and procedurally defaulted in part.  (Doc. 8 at 1, 5).  He therefore recommends that the Petition be denied and dismissed with prejudice.  (*Id.* at 8).  The R&R also recommends that a certificate of appealability be denied, because Petitioner failed to make a substantial showing of the denial of a constitutional right.  (*Id.*)

## II.       Petitioner's Objections

Petitioner timely filed a six-page Objection to the R&R, alleging that the trial court erred in sentencing him on his probation violation by applying improper aggravating factors.  (Doc. 9 at 4).  He further alleges that the aggravating factors had to be proven beyond a reasonable doubt to a jury.  (*Id.* at 4–5).  Petitioner claims that because the court imposed a sentence "higher than the maximum allowed by law," he is entitled to a trial by jury.  (*Id.* at 5).

## III.      Legal Standard

This Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (same).  This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3).

## IV.      Analysis

At the outset of his Objection, Petitioner urges the Court "not to let form or style . . . override substance, nor allow any mistakes in procedural technicalities to defeat fairness or justice[.]"  (Doc. 9 at 1).  Petitioner is indeed correct that *pro se* petitioners are not held to the same technical standards as are litigants under counsel.  *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987).  However, *pro se* litigants must still follow the "same rules of procedure and evidence as defendants who are represented by counsel."  *United States v.*

*Merrill*, 746 F.2d 458, 465  (9th Cir. 1984).  The inadequacies in Petitioner's Objection arise not from improper style or form, but from failing to identify any flaws in Judge Boyle's R&R.  "'The only proper purpose of an objection to an R & R is to identify a specific defect of law, fact, or logic in the Magistrate Judge's analysis.'"  *Bullard v. Thompson*, 2022 WL 3908861, at * 9–10 (citation omitted).  Most critically, Petitioner's Objection largely realleges the same legal conclusions he made in his Petition for Writ of Habeas Corpus (Doc. 1).  In his Objection, Petitioner does not properly respond with specificity to the conclusions of Judge Boyle's R&R.  The Court nonetheless has reviewed the R&R.

The Court first addresses Judge Boyle's findings that Petitioner's claims are non-cognizable and then turns to his finding that Petitioner's claims are procedurally defaulted.

### A.    Petitioner's Claims are Non-Cognizable

In both his Petition and Objection, Petitioner alleges that the sentencing court failed to consider appropriate aggravating factors during sentencing.  (Docs. 1 at 5; 9 at 4).  Judge Boyle's R&R correctly determines that Petitioner is not entitled to habeas relief on this issue, since whether the trial court considered "improper" aggravating factors is a question of state law.  (Doc. 8 at 5).  A federal habeas court will not "reexamine state-court determinations on state-law questions."  *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). Additionally, Judge Boyle correctly finds that Petitioner cannot transform an issue of state law into a "cognizable issue of federal law simply by characterizing it as a violation of federal due process."  (Doc. 8 at 5).  In his Objection, Petitioner responds to this finding by arguing that the Due Process Clause applies to proceedings before state and federal courts.  (Doc. 9 at 4).  Although Petitioner appears to allege that the sentencing court improperly applied aggravating factors in violation of his due process rights, he does not explain how the state court's alleged sentencing error amounted to a constitutional violation.  "A petitioner may not transform a state-law issue into a federal one merely by asserting a violation of due process."  *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996).  Petitioner does not specify how the alleged errors in application of state law

- 4 -

constituted a due process violation involving "fundamental fairness[.]"  *Middleton v. Cupp*, 768 F.2d 1083 (9th Cir. 1985) ("[a writ of habeas corpus] is not available when a petitioner merely alleges that something in the state proceedings was contrary to general notions of fairness or violated some federal procedural right unless the Constitution or other federal law specifically protects against the alleged unfairness or guarantees the procedural right in state courts.").  The Court agrees with Judge Boyle's finding that Petitioner is not entitled to habeas relief on this issue.

### B.    Petitioner's Claims are Procedurally Defaulted

In his R&R, Judge Boyle finds that Petitioner's claim is unexhausted because Petitioner did not present it as an issue of federal law in his appeal before the Arizona Court of Appeals  (Doc 6-1 at 78–93).  (Doc. 8 at 5–6).  A petitioner must exhaust his claims in state court prior to filing a habeas petition in federal court.  *See* 28 U.S.C. § 2254.  To exhaust state court remedies in Arizona, a petitioner must fairly present his claims to the Arizona Court of Appeals either through the state's direct appeal process or through post-conviction relief.  *See Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999); *Cooper v. Neven*, 641 F.3d 322, 326 (9th Cir. 2011) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)).  Indeed, Petitioner's argument before the Court of Appeals did not present a claim about being denied a jury trial, nor did it cite federal law.  (Doc 6-1 at 78–94).  The sole issue on appeal was "whether the court failed to properly balance the aggravating and mitigating factors when it imposed the maximum sentence."  (*Id.* at 88).  Thus, as Judge Boyle correctly determines, Petitioner's claims have not been properly exhausted.

Judge Boyle also finds that the claim is procedurally defaulted because Petitioner is barred from asserting it in state court now.  (Doc. 8 at 6).  A claim that is not presented to the state courts in a procedurally correct manner is considered procedurally defaulted, and is generally barred from habeas relief for the same reasons an unexhausted claim is generally barred: because it deprives a state court of an opportunity to address the claim first.  *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991); *see also Duncan v. Henry*, 513 U.S. 364, 366 (1995) ("If a habeas petitioner wishes to claim that an evidentiary ruling at

a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.").

Petitioner's Objection responds to Judge Boyle's procedural default finding by requesting that "this court [allow] him to stay his petition so he may return to state court and exhaust his claim[.]" (Doc. 9 at 3). Petitioner cites to Ariz. R. Crim. P. 32.2(a)(3),[1] arguing that he can present his unexhausted claim to the state court in a new PCR. (Doc. 9 at 3). Staying a petition is appropriate only when "there [is] good cause for the petitioner's failure to exhaust his claims first in state court." *Rhines v. Weber*, 544 U.S. 269, 277 (2005). Petitioner has not demonstrated good cause for his failure to exhaust this claim in his Appeal before the Arizona Court of Appeals. Moreover, staying this claim would not be a good use of judicial resources, because, as discussed below, the claim lacks merit.

The Court adopts Judge Boyle's finding that because Petitioner's claim is unexhausted, it is procedurally defaulted and barred from this Court's review.

### C. Petitioner Cannot Overcome a Procedural Default Because His Claims Lack Merit.

Judge Boyle determines that because Petitioner failed to demonstrate that his claims have merit, he cannot overcome the procedural default. (Doc. 8 at 7). Petitioner's Objection responds by arguing that a *Martinez* exception should be applied to his case. (Doc. 9 at 2); *Martinez v. Ryan*, 566 U.S. 1 (2012). Under a *Martinez* exception, "a petitioner [can] argue 'cause' based on PCR counsel's ineffectiveness for counsel's failure to raise a substantial trial counsel [ineffective assistance of counsel] claim." *Dickens v. Ryan*, 740 F.3d 1302, 1320 (9th Cir. 2014) (citing *Martinez*, 566 U.S. at 14–15).

Here, Petitioner claims that ineffective assistance of counsel at the PCR stage was the reason the Arizona Court of Appeals did not hear his claim that the sentencing court

---

[1] Arizona Rule of Criminal Procedure 32.2(a)(3) explains that "[a] defendant is precluded from relief under Rule 32.1(a) based on any ground . . . waived at trial or on appeal, or in any previous post-conviction proceeding, except when the claim raises a violation of a constitutional right that can only be waived knowingly, voluntarily, and personally by the defendant." Ariz. R. Crim. P. 32.2(a)(3).

used improper aggravating factors.  (Doc. 9 at 2).  A *Martinez* exception does not apply in this circumstance: Petitioner did not raise an ineffective assistance of trial counsel claim in his federal Petition.  A *Martinez* exception "treats ineffective assistance by a prisoner's state [PCR] counsel as cause to overcome the default of a *single claim*—ineffective assistance of trial counsel—in a *single context*—where the State effectively requires a defendant to bring that claim in state postconviction proceedings rather than on direct appeal."  *Davila v. Davis*, 582 U.S. 521, 524–25 (2017) (emphasis added).  A *Martinez* exception does not apply to Petitioner's counsel failing to raise an improper aggravating factors claim.  Judge Boyle further found that the exception would not apply because the underlying ineffective assistance of counsel claim had no merit.  (Doc. 8 at 7).  *See Martinez*, 566 U.S. at 14 (for the *Martinez* exception to apply, a petitioner must demonstrate that his underlying ineffective assistance of counsel claim has merit).

Specifically, Judge Boyle finds that Petitioner was not sentenced above the statutory maximum in violation of his Sixth Amendment rights.  (Doc. 8 at 7).  The trial court found that Petitioner's prior conviction for a similar offense was an aggravating factor, and imposed a sentence of 15 years' imprisonment.  (Doc. 6-1 at 103–04, 106).  Petitioner claims that because the aggravating factor was not submitted to a jury, "the court violated [his] 5th, 6th or 14th amendment rights[.]"  (Doc. 9 at 4).  But as stated by Judge Boyle, Petitioner is incorrect; prior convictions need not be submitted to a jury and proved beyond a reasonable doubt.  *See Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt"); *Blakely v. Washington*, 542 U.S. 296, 301 (2004) (confirming *Apprendi* holding).  "[T]he Supreme Court has excluded the fact of prior convictions from the general rule that aggravating factors must be found by a jury[.]"  *Vanata v. Shinn*, 2021 WL 3617677, at *20–21 (D. Ariz. Aug. 13, 2021).  Indeed, finding just one aggravating factor allows a trial court to impose a maximum sentence.  *Butler v. Curry*, 528 F.3d 624, 648–49 (9th Cir. 2008) ("After one aggravating factor was validly found, the trial court legally *could* have

imposed the upper term sentence. That the judge might not have done so in the absence of an additional factor does not implicate the Sixth Amendment, as that consideration concerns only the imposition of a sentence within an authorized statutory range.").

The R&R finds that Petitioner's aggravated sentence did not violate his Sixth Amendment rights under *Blakely* or *Apprendi* and therefore any underlying ineffective assistance of counsel claim is without merit. Because Petitioner failed to demonstrate his underlying ineffective assistance of counsel claim had any merit, a *Martinez* exception does not apply in this case. *Dickens*, 740 F.3d at 1319 (citing *Trevino v. Thaler*, 569 U.S. 413, 423 (2013)). The Court agrees with Judge Boyle's conclusion that this claim is procedurally defaulted, without excuse.

**V.      Conclusion**

For the foregoing reasons, and after conducting its own *de novo* review, the Court agrees with Magistrate Judge Boyle and concludes that Petitioner's grounds for relief are non-cognizable, procedurally defaulted, and meritless.

Accordingly,

**IT IS ORDERED** that Magistrate Judge Boyle's Report and Recommendation (Doc. 8) is **ACCEPTED** and **ADOPTED** as the Order of this Court.

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. 1) is **DENIED** and **DISMISSED WITH PREJUDICE**. Petitioner's Objections (Doc. 9) are **OVERRULED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, a Certificate of Appealability is **DENIED** because dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the procedural ruling debatable, and because Petitioner has not made a substantial showing of a denial of a constitutional right.

/ / /

/ / /

/ / /

**IT IS FINALLY ORDERED** that the Clerk of the Court shall terminate this action and enter judgment accordingly.

Dated this 10th day of August, 2023.

Honorable Diane J. Humetewa
United States District Judge